1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

               Plaintiff,

     v.

JESUS SEGURA, individually, AND
d.b.a. TAQUERIA LA SELVA,

               Defendant.

Case No.: 12-cv-01702-JSW (JSC)

**REPORT AND RECOMMENDATION
RE: GRANTING PLAINTIFF'S
MOTION FOR DEFAULT
JUDGMENT BY THE COURT (Dkt.
No. 33.)**

        Plaintiff's Motion for Default Judgment (Dkt. No. 33) was referred to the Court on December 10, 2013, for report and recommendation. (Dkt. No. 34.) Plaintiff J & J Sports Productions, Inc. brings this action under the Federal Communications Act and the Cable & Television Consumer Protection and Competition Act, and moves for entry of Default Judgment against Defendant Jesus Segura, individually, and d.b.a Taqueria La Selva. Plaintiff seeks default judgment, an award of statutory and enhanced damages under 47 U.S.C. §§ 605 and 553, as well as damages for conversion under state law. Having carefully considered the papers submitted by Plaintiff, the Court RECOMMENDS the motion be GRANTED in part.

United States District Court
Northern District of California

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff is a distributor of sports and entertaining programming.  (Dkt. No. 1 at ¶ 16.)
Plaintiff purchased the right to broadcast an April 9, 2011 boxing match, *Action Heroes: Erik
Morales v. Marcus Maidana* ("Broadcast"), including all undercard bouts and fight
commentary.  (*Id.* at ¶ 14.)  Pursuant to the purchase contract, Plaintiff entered into
sublicensing agreements with various commercial entities in the United States allowing them
to publicly exhibit the Broadcast to their patrons.  (*Id.* at ¶ 15.)  Plaintiff further alleges that
Defendant unlawfully intercepted and intentionally exhibited the Broadcast at the Taqueria La
Selva Restaurant ("Restaurant") for the purposes of direct or indirect commercial advantage or
private gain.  (*Id.* at ¶¶ 17, 18.)

In support of these allegations, Plaintiff submitted an affidavit from a private
investigator, John Poblete, who observed the Broadcast at the Restaurant on April 9, 2011.
(Dkt. No. 33-3.)  Mr. Poblete observed one 32–inch television in the Restaurant, and the
television was showing the Broadcast.  (*Id.*)  During the three minutes he was present, Mr.
Poblete took three headcounts of 28, 33, and 35 individuals, and estimated the Restaurant had
a capacity of over 65 people.  (*Id.*).

Plaintiff subsequently filed a Complaint asserting Defendant violated: 1) the Federal
Communications Act of 1934, as amended, 47 U.S.C. § 605, et seq.; 2) the Cable &
Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553,
et seq.; 3) and the California Business & Professions Code § 17200, et seq.  Plaintiff also
seeks damages for conversion under state law.

Defendant failed to file a responsive pleading or otherwise appear and the Clerk
entered a default pursuant to Federal Rule of Civil Procedure 55(a) on August 7, 2012.  (Dkt.
No. 15.)  Nonetheless, Plaintiff and Defendant subsequently filed a Stipulation of Dismissal
pursuant to which the district court dismissed the case.  (Dkt. Nos. 20, 21.)  At Plaintiff's
request, the Court subsequently reopened the case due to Defendant's alleged failure to
comply with the parties' settlement.  (Dkt. No. 30.)  Plaintiff now moves for default judgment
seeking an award of statutory and enhanced damages in the amount of $110,000, plus $1,200

1  in damages for conversion.[1]  (Dkt. No. 33-2.)  Plaintiff served Defendant with the Motion for

2  Default Judgment by substituted service.  Defendant has not appeared or responded to

3  Plaintiff's Motion for Default Judgment, and the deadline for opposing the motion has passed.

4  *See* Civ. L.R. 7–3(a).

**DISCUSSION**

**I.    Jurisdiction and Service of Process**

7       A court considering whether to enter a default judgment has "an affirmative duty to

8  look into its jurisdiction over both the subject matter and the parties."  *In re Tuli*, 172 F.3d

9  707, 712 (9th Cir. 1999).  Here, the Court has subject matter jurisdiction because Plaintiff's

10  claims arise under federal statutes (47 U.S.C. §§ 553, 605), and personal jurisdiction because

11  it is alleged that Defendant resides and does business in this District.  The Court, moreover,

12  has supplemental jurisdiction over Plaintiff's state tort claim under 28 U.S.C. § 1367(a).

13      A court is also required to "assess the adequacy of the service of process on the party

14  against whom default is requested."  *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d

15  1083, 1088 (N.D. Cal. 2008) (internal quotation marks omitted).  Federal Rule of Civil

16  Procedure 4(e) provides that service in accordance with California law is proper.  California

17  authorizes substitute service of process in lieu of personal delivery.  *See* Cal. Code Civ. Proc.

18  § 415.20.  Substituted service is allowed when the summons and complaint cannot with

19  reasonable diligence be personally delivered to the person to be served.  Cal. Code Civ. Proc.

20  § 415.20(b).  "Ordinarily . . . two or three attempts at personal service at a proper place

21  should fully satisfy the requirement of reasonable diligence and allow substituted service to

22  be made."  *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (Cal. Ct. App. 1988) (internal

23  quotation marks omitted).  To satisfy substituted service, the plaintiff must: 1) leave a copy

24  of the summons and complaint at the defendant's usual place of business in the presence of a

25  person apparently in charge of the business who is at least 18 years of age; 2) inform the

26  person who receives the service of the documents' content; and 3) send the defendant a copy

27

28  _____

[1] Plaintiff acknowledges that it is no longer seeking relief under the California Business & Professions Code § 17200, et seq.  (Dkt. No. 33-2.)

United States District Court
Northern District of California

3

1    of the documents via first-class mail at the place where the documents were left.  Cal. Code

2    Civ. Proc. § 415.20(b).  Service of a summons in this manner is deemed complete on the

3    10th day after the mailing.  *Id*.

4           Here, Plaintiff's process server unsuccessfully attempted to personally serve

5    Defendant at the Restaurant on three separate occasions.  (Dkt. No. 10.)  On the fourth

6    attempt, the process server left a copy of the summons and complaint at the Restaurant with

7    a female adult, informed her of the contents, and instructed her to deliver the documents to

8    Defendant.  (*Id*.)  Plaintiff's process server subsequently mailed Defendant a copy of the

9    summons and complaint via first-class mail to the Restaurant's address.  (*Id*.)  Because

10   Plaintiff satisfied the requirements under California Code of Civil Procedure § 415.20(b), the

11   Court finds that service of process was proper.

12   **II.    Plaintiff is Entitled to Default Judgment**

13          After entry of default, a court may grant default judgment on the merits of the case.

14   *See* Fed. R. Civ. P. 55.  The factual allegations of the complaint, except those concerning

15   damages, are deemed to have been admitted by the non-responding party.  *See Geddes v.*

16   *United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).  "The district court's decision

17   whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d

18   1089, 1092 (9th Cir. 1980).  A court may consider the following factors in determining

19   whether to enter default judgment:

20          (1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's
            substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at
21          stake in the action; (5) the possibility of a dispute concerning material facts; (6)
            whether the default was due to excusable neglect[;] and (7) the strong policy
22          underlying the Federal Rules of Civil Procedure favoring decisions on the merits.
23

24   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  For the reasons discussed below,

25   the majority of these factors support default judgment on two of Plaintiff's claims.

26          Plaintiff would face prejudice because, if the motion for default judgment were to be

27   denied, Plaintiff would likely be left without a remedy given Defendant's failure to appear or

28   otherwise defend this action.  *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172,

United States District Court
Northern District of California

4

1177 (C.D. Cal. 2002).  Further, because Defendant has not answered the Complaint or otherwise appeared in this action, the possibility of a dispute concerning material facts is unknown.  Plaintiff, moreover, properly served Defendant and there is no evidence in the record that Defendant's failure to appear and otherwise defend this action was the result of excusable neglect.

Two *Eitel* factors weigh against default judgment, however.  The amount of money at stake in the action suggests that default judgment may be inappropriate.  Plaintiff seeks the maximum possible statutory damages in this action, $110,000.  In this regard, Plaintiff's damages request is disproportionate to the harm alleged.  *See Joe Hand Promotions Inc. v. Meola*, No. 10–4781, 2011 WL 2111802, at *4, (N.D. Cal. Apr. 22, 2011).  Thus, this factor weighs against default judgment.  Additionally, the seventh *Eitel* factor—balancing the policy consideration that whenever reasonably possible cases should be decided on their merits—weighs against default judgment.  *Eitel*, 782 F.2d at 1472.  Nonetheless, because the majority of other factors weigh in favor of default judgment, the Court RECOMMENDS Plaintiff's motion be GRANTED in the amount discussed below.

## III.   Damages

A plaintiff is required to prove all damages sought in the complaint.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 2002).  Additionally, no relief sought may be different in kind, or exceed in amount, than that which is demanded in the pleadings.  *See* Fed. R. Civ. P. 54(c).  If the facts necessary to determine the damages are not contained in the pleadings, or are legally insufficient, they will not be established by default.  *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, Plaintiff seeks a total of $110,000 in damages by arguing that it is entitled to statutory damages under 47 U.S.C. § 605(e)(3)(c), as well as enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii).

## A.   *Plaintiff is Not Entitled to Damages Under 47 U.S.C. § 605*

"Plaintiff may not recover under both 47 U.S.C. § 605 and 47 U.S.C. § 553."  *J & J Sports Prods., Inc. v. Ro*, No. 09–02860, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010).

5

United States District Court
Northern District of California

Under section 605 commercial establishments are prohibited "from intercepting and broadcasting to its patrons *satellite* cable programming." *J & J Sports Prods., Inc. v. Mosley*, No. 10–5126, 2011 WL 2066713, at *3 (N.D. Cal. Apr. 13, 2011); *see also* 47 U.S.C. § 605. In contrast, 47 U.S.C. § 553 "prohibits a person from intercepting or receiving or assisting in intercepting or receiving any communications service offered over a *cable* system." *Id*. "A signal pirate violates Section 553 if he intercepts a cable signal, [but] he violates [Section] 605 if he intercepts a satellite broadcast." *J & J Sports Prods., Inc. v. Manzano*, No. 08–01872, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008).

Plaintiff does not include Section 553 in its itemized damages calculation. Instead, Plaintiff seeks statutory and enhanced damages under Section 605 only, arguing that "Plaintiff should not be prejudiced because it cannot isolate the precise means of signal transmission." (Dkt. No. 33 at 8.) Beyond alleging that it should not be "prejudiced," Plaintiff offers no explanation as to why it is entitled to relief under Section 605, the statute with the higher minimum damages award and requirement for attorneys' fees and costs, rather than Section 553.

As another court has held in considering a similar request for default judgment: "Plaintiff argues that it 'should not be prejudiced' because it cannot determine the means of transmission, however, if plaintiff wanted to prove this, they could have filed a third party subpoena or requested an order for inspection." *Ro*, 2010 WL 668065, at *3. The court noted that a defendant's default does not eliminate the opportunity to take third party discovery. *Id*.

Here, the private investigator did not note whether the Broadcast was transmitted via a satellite dish or via a cable box. Because Plaintiff did not allege that Defendant intercepted a *satellite* transmission in its Complaint, it is not a factual allegation that can be taken as true. *G & G Closed Circuit Events, LLC v. Espinoza*, No. 12–06349, 2013 WL 4520018, at *3 (N.D. Cal. Aug. 23, 2013) (citing *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008)). In similar situations courts have found that as between the two it is less likely that a satellite dish was used because "a cable box is more easily hidden." *Guzman*,

2009 WL 1034218, at *2; *see also Mosley*, 2011 WL 2066713, at *3; *Ro*, 2010 WL 668065, at *3. Accordingly, the Court concludes that Plaintiff failed to state a claim for relief under Section 605 and further RECOMMENDS that the motion for default judgment be DENIED on the Section 605 claim.

Plaintiff has sufficiently alleged a basis for relief under Section 553.[2] Plaintiff established through Mr. Poblete's affidavit that Defendant was exhibiting the Broadcast without permission and thus the Court finds that Section 553 is the more likely violation. *See J & J Sports Prods., Inc. v. Man Thi Doan*, No. 08–00324, 2008 WL 4911223, at *3 (N.D. Cal. Nov. 13, 2008).

**B.    *Plaintiff is Entitled to Statutory Damages Under 47 U.S.C. § 553***

In light of the above conclusion that Plaintiff has failed to state a claim for relief under Section 605, the Court will analyze Plaintiff's request for statutory damages under Section 553.

Under Section 553(c)(3)(A)(ii), Plaintiff is entitled to damages of no less than $250, but no more than $10,000, in an amount the Court considers just. "The Court may also enhance the award of damages by up to $50,000 if it finds that the conduct was 'committed willfully and for the purposes of commercial advantage or financial gain.'" *Seldner*, 2011 WL 2650961, at *1 (quoting 47 U.S.C. § 553(c)(3)(B)). In determining damages under this Section, courts consider a variety of factors including "use of a cover charge, increase in food price during programming, presence of advertising, number of patrons, number of televisions used, and impact of offender's conduct on claimant." *J & J Sports Prods., Inc. v. Concepcion*, No. 10–5092, 2011 WL 2220101, at *4 (N.D. Cal. Jun. 7, 2011). Courts also

---

[2] In *G & G Closed Circuit Events, LLC v. Castro*, No. 12–04649, 2013 WL 871913, at *3 (N.D. Cal. Mar. 7, 2013), after the plaintiff failed to satisfy a Section 605 claim, Judge Alsup analyzed the plaintiff's damages under Section 553, notwithstanding the plaintiff's failure to seek damages under Section 553.

United States District Court
Northern District of California

United States District Court
Northern District of California

consider whether a defendant is a repeat offender.[3]  Additionally, courts look to the actual

cost of a commercial license, defendant's incremental profits and the need to deter piracy.[4]

Here, the motion for default judgment states that Defendant did not impose a cover

charge, and there is no allegation in the Complaint and no evidence in the record of increased

food or beverage prices as a result of the Broadcast.  Although Defendant's establishment is

alleged to have a capacity of more than 65 people, Mr. Poblete's headcounts estimated at

most 33 patrons.  For a venue of this size, according to Plaintiff's motion, a commercial

license for the Broadcast would have cost $1,200.  (Dkt. No. 33 at 20.)  There is no

allegation that Defendant is a repeat offender.

Accordingly, the Court RECOMMENDS Plaintiff be awarded $1,200 in statutory

damages under Section 553(c)(3)(A)(ii), which represents Plaintiff's actual losses based on

the license fee.[5]

---

[3] *See, e.g., J & J Sports Prods., Inc. v. Paniagua*, No. 10–05141, 2011 WL 996257, at *2
(N.D. Cal. Mar. 21, 2011) (awarding enhanced damages for a repeat offender).

[4] *See, e.g., Mosley*, 2011 WL 2066713, at *5 (calculating actual losses based on the license fee
and an estimate of defendant's potential profits*); see also J & J Sports Prods. v. Ho*, No. 10–
01883, 2010 WL 3912179, at *1 (N.D. Cal. Oct. 5, 2010) ("[a] traditional method of
determining statutory damages is to estimate either the loss incurred by the plaintiff or the
profits made by the defendants.") (internal citations omitted).

[5] *See Joe Hand Promotions, Inc.*, 2011 WL 2111802, at *5 (awarding $1,000 in statutory
damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605
when 50 patrons were present and no cover change was imposed); *Mosley*, 2011 WL
2066713, at *5 (awarding $2,500 based on plaintiff's actual losses and $2,500 in enhanced
damages under Section 553 when 17 patrons were present and no cover charge was incurred);
*Joe Hand Promotions Inc. v. Piacente*, No. 10–3429, 2011 WL 2111467, at *6 (N.D. Cal.
Apr. 11, 2011) (awarding $1,000 in statutory damages based on plaintiff's actual losses and
$5,000 in enhanced damages under Section 605 when 25 patrons were present and no cover
change was imposed); *Ho*, 2010 WL 3912179, at *1 (awarding $1,600 in statutory damages
based on plaintiff's actual losses plus $10,000 in enhanced damages under Section 605 when
68 patrons were present and no cover charge was imposed); *Garden City Boxing Club, Inc. v.
Lan Thu Tran*, No. 05–05017, 2006 WL 2691431, at *1-2 (N.D. Cal. Sept. 20, 2006)
(awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in
enhanced damages under Section 605 when 40 patrons were present and a $10 cover charge
was imposed); *Kingvision Pay-Per-View, Ltd. v. Chavez*, No. 00–2270, 2000 WL 1847644, at

**C.** **_Plaintiff is Entitled to Enhanced Damages under 47 U.S.C. § 553_**

Plaintiff also seeks the maximum amount of enhanced damages of $50,000.[6]  The Court has discretion to enhance the damages where "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B).  Plaintiff contends that it is impossible that Plaintiff's signal was mistakenly, innocently, or accidentally intercepted.  The Court agrees that the evidence supports an inference that Defendants acted willfully in intercepting and exhibiting the Broadcast.  Defendant financially benefitted from the illegal interception both by avoiding paying the licensing fee and presumably attracting additional patrons who spent more time in the establishment watching the Broadcast.  _See J & J Sports Prods., Inc. v. Wood,_ No. 11–1160, 2011 WL 6961334, at *6 (N.D. Cal. Nov. 2, 2011) (presumably broadcasting the event would attract additional patrons).  In light of Defendant's affirmative misconduct and in order to deter future willful violations, the Court RECOMMENDS Plaintiff be awarded $2,400 in enhanced damages, which is double the statutory award.[7]  The Court finds that this amount is appropriate given that there is no allegation that Defendant is a repeat offender, there was no coverage charge, there is no evidence that food and beverage prices were increased, and, finally, the Broadcast was playing on only one relatively small television.

**D.** **_Plaintiff is Entitled to Conversion Damages_**

Plaintiff has similarly stated a claim for conversion under California Civil Code § 3336.  The elements of a conversion claim in California are "(1) ownership or right to

---

*3 (N.D. Cal. Dec. 11, 2000) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605 when 40 patrons were present and a $10 cover charge was imposed).

[6] Plaintiff seeks enhanced damages under Section 605(e)(3)(C)(ii).  As discussed, the Court instead analyzes Plaintiff's enhanced damages under Section 553(c)(3)(B).

[7] _See J & J Sports Prods., Inc. v. Nguyen,_ No. 11–05441, 2012 WL 6599861, at *5-6 (N.D. Cal. Dec. 17, 2011) (awarding two times the licensing fee "is more than adequate and just to compensate Plaintiff for lost profits and to deter Defendant's future infringement.").

possession of property, (2) wrongful disposition of the property right and (3) damages." *G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992). Plaintiff alleges ownership over the nationwide distribution rights for the Broadcast, Defendant's misappropriation of this ownership right through the intentional and unlawful interception of the Broadcast, and damages based on the denial of the license fee to which Plaintiff would otherwise have been entitled.

Accordingly, the Court concludes that Plaintiff adequately stated a claim for conversion. The Court, therefore, RECOMMENDS Plaintiff be awarded $1,200 in conversion damages. [8]

## CONCLUSION

For the reasons explained above, the Court RECOMMENDS judgment be entered in favor of Plaintiff against Defendant Jesus Segura, individually, and d.b.a. Taqueria La Selva. The Court also RECOMMENDS that Plaintiff's motion be GRANTED as to the claim under 47 U.S.C. § 553 and the state tort conversion claim, but DENIED in so far as it seeks relief under 47 U.S.C. § 605. The Court further RECOMMENDS Plaintiff be awarded a total of $4,800.00 in damages ($1,200 in statutory damages, $2,400 in enhanced damages, and $1,200 in conversion damages).

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

United States District Court
Northern District of California

---

[8] Several courts in this district have awarded conversion damages in addition to statutory and enhanced damages. *See J & J Sports Prods., Inc. v. Coyne*, 857 F. Supp. 2d 909, 919 (N.D. Cal. 2012); *see also Seldner*, 2011 WL 2650961, at *3; *see also J & J Sports Prods., Inc. v. Basto*, No. 10–1803, 2011 WL 566843, at *2 (N.D. Cal. Feb. 14, 2011).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS SO ORDERED.**

Dated:  February 12, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE